5

ORIGINAL

FILED-USDC-NDTX-DA
'26 JUN 16 PM4:19
KM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

BOBBY CHIU

NO. 3-26CR-308 S

**FACTUAL RESUME**

In support of Bobby Chiu's plea of guilty to the offense in Count One of the Information, Chiu, the defendant, George Milner, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1343) that is, Conspiracy to Commit Wire Fraud, the government must prove each of the following elements beyond a reasonable doubt: [1]

*First*: That the defendant and at least one other person agreed to commit the crime of Wire Fraud, as charged in the Information;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

---

[1] *See* Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2024) (Conspiracy to Commit Offense, 18 U.S.C. § 371).

The elements of Wire Fraud, a violation of 18 U.S.C. § 1343, are as follows:[2]

*First:* That the defendant knowingly devised or intended to devise any scheme to defraud, that is submitting fraudulent loan applications on behalf of homeowners for the purchase of solar panels without the homeowners' knowledge or consent, fraudulently causing lending companies to disburse funds to Solar EPC contractors in order for the defendant and others to fraudulently earn commissions on those sales;

*Second:* That the scheme to defraud employed false material representations, pretenses, and promises;

*Third:* That the defendant transmitted or caused to be transmitted by way of wire, radio, or television, communications, in interstate or foreign commerce, any writing, sign, signal, picture, sound, for the purpose of executing such scheme; and

*Fourth:* That the defendant acted with a specific intent to defraud.

**STIPULATED FACTS**

1. Bobby Chiu admits and agrees that from at least in or about July 2023 through at least December 2024, in the Northern District of Texas and elsewhere, he did unlawfully and knowingly combine, conspire, confederate, and agree with Individual A and others known and unknown to the United States Attorney, to commit wire fraud, in violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371.

2. Chiu agrees that he co-founded Go Radiant LLC (Go Radiant), a Texas limited liability.

---

[2] *See* Fifth Circuit Pattern Jury Instruction 2.57 (5th Cir. 2024) (Wire Fraud, 18 U.S.C. § 1343).

3. Chiu agrees that Go Radiant contracted with Solar Engineering, Procurement, and Construction ("EPC") contractors, which sold and installed roof solar panels under the promise that they would greatly reduce or eliminate the homeowner's electricity bill.

4. Chiu agrees that he and other salespeople working for Go Radiant sold solar panels door-to-door to homeowners, including those in the Northern District of Texas, for various Solar EPC contractors in exchange for a commission from the sales.

5. Chiu agrees that in order to finance the purchase of the solar panels, some homeowners had to obtain loans from lending institutions. The Solar EPC contractors would facilitate the loans by providing access to the lending companies' electronic portals, through which salespeople could electronically submit loan applications and signed loan agreements.

6. Chiu agrees that Lender 1 was a fintech lending company that provided loans to homeowners for the purchase of solar panels.

7. Chiu agrees that Individual A worked with Chiu and Go Radiant to connect them with Solar EPC contractors for the purpose of submitting loan applications for solar panels to financial institutions.

8. Chiu agrees and admits that from at least in or about July 2023 through at least December 2024, he, Individual A, and others engaged in a scheme to submit fraudulent loan applications on behalf of homeowners for the purchase of solar panels without the homeowners' knowledge or consent, fraudulently causing lending companies

to disburse funds to Solar EPC contractors in order for Chiu, Individual A, and others to fraudulently earn commissions on those sales.

9. Specifically, Chiu agrees most of the customers that agreed to purchase solar panels through Chiu and Go Radiant needed to obtain a loan from lending companies, such as Lender 1, in order to finance the purchase of the solar panels.

10. Chiu agrees that he and his salespeople helped customers electronically submit loan applications. If a customer was approved for a loan, Chiu agrees that he and his salespeople facilitated the customers' electronic signing of the loan agreements. The lender then sent the loan funds to the Solar EPC contractors, who then installed the solar panels on the customers' roofs.

11. Chiu agrees and admits that while he made some customers aware that they needed to take out loans in order to fund the purchase of solar panels, on multiple occasions, Chiu, Individual A, and others obtained loans or caused loans to be obtained on behalf of customers without their knowledge or consent.

12. Chiu agrees and admits that in these instances, Chiu falsely told customers that the solar panels were free and/or entirely funded through government subsidies.

13. Chiu agrees and admits that he submitted loan applications on behalf of the customers and electronically signed the loan agreements with email accounts that he created in the names of the customers, all without the customers' knowledge or consent.

14. Chiu agrees and admits that he created Google Voice phone numbers and fraudulently submitted them as the homeowners' phone numbers in order to conceal the loans from the homeowners.

15. Chiu agrees and admits that, at times, if a homeowner did not qualify for a loan based on his income, Chiu created fake pay stubs showing additional income in order to fraudulently obtain the loan.

16. Chiu further agrees and admits that, at times, if a homeowner did not qualify for a loan he also added co-borrowers to the homeowner's loan application. Chiu admits that the co-borrowers he added were not aware that they were co-signing on the loans and that Chiu did not seek the co-borrower's consent in being added to the loans.

17. Chiu agrees and admits that he utilized Virtual Private Networks ("VPN") in submitting the electronic signatures for the loan agreements that had the effect of concealing the identity of the individual submitting the loan agreement.

18. Chiu agrees and admits that he took out fraudulent loans on behalf of the customers because he knew or believed that once the lender funded the loans to the Solar EPC contractors, the contractors would pay Chiu and Go Radiant his commissions.

19. Chiu agrees that homeowners did not realize that a loan had been taken out in their name until weeks or months after the loan had been obtained. Chiu further agrees that by the time some homeowners would contact the lenders to dispute the loans, the lenders had already disbursed the funds to the Solar EPC contractors and were unable to recoup the funds.

20. Chiu agrees and admits that he submitted fraudulent loan applications while working with multiple Solar EPC Contractors and to multiple lending companies, including Lender 1.

21. Specifically, Chiu agrees and admits that on or about August 27, 2023, he fraudulently submitted an electronic signature on a loan application to Lender 1 for solar panels in the amount of $68,826 on behalf of a homeowner residing in Richardson, Texas, located in the Northern District of Texas.

22. Chiu agrees and admits that he caused this submission knowing that the homeowner was unaware that a loan would be obtained in the homeowner's name and did not authorize the submission of their electronic signature on the loan agreement.

23. Chiu agrees and admits that as a result of the submission of the signed loan agreement, on or about September 6, 2023, he caused to be transmitted by means of wire and radio communication in interstate commerce, certain writings, signs, signals, pictures and sounds, to wit: a wire transfer in the amount of $56,960.40 from Lender 1's Western Alliance Bank account ending in 5980 in Phoenix, Arizona to a Solar EPC Contractor's Bank of America Account ending in 9071 in Dallas, Texas.

24. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 16th day of June, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

BOBBY CHIU
Defendant

GEORGE MILNER
Attorney for Defendant

MARTY BASU
Assistant United States Attorney
Illinois State Bar No. 6302360
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8812
Email: marty.basu@usdoj.gov